IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LYNN L. MATTILA and
ROBERT MATILLA,

                                                          ORDER

                  Plaintiffs,

                                                      07-C-50-C

    v.

INJURED PATIENTS AND FAMILIES
COMPENSATION FUND and
MARSHFIELD CLINIC,

                  Defendants,

and

UNITED HEALTHCARE INSURANCE
COMPANY,

                  Nominal Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       The pleadings in this case are insufficient to allow the court to determine with certainty that it has jurisdiction to entertain this lawsuit under the diversity statute, 28 U.S.C. § 1332. Plaintiffs are alleged to be "residents" of Michigan. Defendant Marshfield Clinic is alleged to have been incorporated in Wisconsin and have a "corporate address" in Marshfield, Wisconsin. "Nominal defendant" United HealthCare Insurance Company's

1

citizenship is unknown.

For the purpose of establishing diversity jurisdiction, the court examines the citizenship, not the residency, of individual persons. An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Charles Alan Wright, Law of Federal Courts 161 (5th ed. 1994); see also Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002). A person has only one domicile, but may have several residences. Steigleder v. McQuesten, 198 U.S. 141 (1905) (distinguishing between residency and citizenship). Although I suspect that plaintiffs' place of residency and place of citizenship may be the same, at the present time, all plaintiffs have established is their residency. They will need to supply information about their citizenship.

With respect to the defendants, a corporation is deemed to be a citizen of the state in which it is incorporated and the state in which its principal place of business is located, 28 U.S.C. § 1332(c)(1); Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C., 385 F.3d 737, 741 (7th Cir. 2004). Although plaintiffs have alleged that defendant Marshfield Clinic's place of incorporation is Wisconsin, they have not expressly identified its principal place of business. Instead, they supply the defendant Clinic's "corporate address." Perhaps the Clinic's corporate address is its principal place of business. If so, plaintiffs should say so.

2

Finally, the citizenship of a truly nominal defendant does not affect diversity jurisdiction.  Matchett v. Wold, 818 F.2d 574, 576 (7th Cir. 1987).  However, a true nominal party is ordinarily a party such as "the holder of the stakes of the dispute between the plaintiff and the original defendant."  Id.  In this case, "nominal defendant" United HealthCare Insurance Company" is alleged, upon information and belief, to have paid certain medical benefits arising out of the injuries sustained by the plaintiffs that are the subject of this suit.  If a decision is rendered in plaintiffs' favor, it stands to benefit.  Therefore, it is possible that United HealthCare Insurance Company should be realigned as an involuntary plaintiff whose citizenship may or may not destroy diversity jurisdiction.

The parties' formal designation of a party in the complaint as a plaintiff or defendant is not controlling.  "The court will look beyond the pleadings, and arrange the parties according to their sides in the dispute."  City of Dawson v. Columbia Avenue Saving Fund, Safe Deposit, Title & Trust Co., 197 U.S. 178, 180 (1905).  In this case, I will ask the parties to brief the question whether United HealthCare Insurance Company has been properly aligned.  In undertaking this task, I draw the parties' attention to Estate of Pickard ex rel. Pickard v. Wisconsin Central Ltd., 300 F. Supp. 2d 776 (7th Cir. 2002).  In that case, I discussed the decision in Vandervest v. Wisconsin Cent., Ltd., 936 F. Supp. 601 (E.D. Wis. 1996), in which the judge allowed the plaintiff's insurers to be aligned in the suit as nominal defendants.

3

Although I agree with the result in Vandervest, I disagree with its reasoning. Specifically, the court should have realigned the defendant insurers as plaintiffs because their interests were not adverse to the plaintiffs' and the plaintiffs had not asserted any claims against them.  See City of Indianapolis v. Chase National Bank, 314 U.S. 63, 80 (1941) (doctrine of realignment requires defendant to be treated as plaintiff for purpose of defining controversy when plaintiff has not asserted real cause of action against defendant); see also American Motorists Ins. Co. v. Trane Co., 657 F.2d 146, 149 (7th Cir. 1981) ("Realignment is proper when the court finds that no actual, substantial controversy exists between parties on one side of the dispute and their named opponents, although realignment may destroy diversity and deprive the court of jurisdiction."); Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 873 (9th Cir. 2000) ("We must align for jurisdictional purposes those parties whose interests coincide respecting the 'primary matter in dispute.'"). Although the test articulated by the court in Vandervest may be applicable to cases in which the subrogee's interests are aligned with the *defendant's*, in this case, [the insurer's] interests are aligned with *plaintiffs'* interests.

When a party is a plaintiff it would be unreasonable to apply a liability-type test to determine whether it is a nominal party.  Unless there were a counterclaim, a plaintiff could never be held liable and thus could never be a real party in interest.  This result would be illogical.  Moreover, in the context of a subrogation interest in plaintiff's recovery, the Supreme Court has held that "if [the subrogee] has paid only part of the loss, both the insured and the insurer . . . have substantive rights *against the tortfeasor* which qualify them as real parties in interest."  United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 380 (1949) (emphasis added); see also Krueger v. Cartwright, 996 F.2d 928, 932 (7th Cir. 1993) ("if an insured brings a suit *against a tortfeasor*, the insurer who is partially subrogated may intervene in the action to protect its pro rata share of the potential recovery") (emphasis added) (citing 6A Wright & Miller, Federal Practice and Procedure § 1546); Broyles v. Bayless, 878 F.2d 1400, 1404 (11th Cir. 1989) ("courts generally do not recognize [insurance] companies as real parties to an action unless they have become subrogated to the rights of their insured after payment of the loss").

4

Thus, it may be that United Healthcare Insurance Company is not a proper "nominal defendant" but, rather, a party who should be aligned with the plaintiffs. I will allow plaintiffs an opportunity to argue this point or, at the least, to provide information about the citizenship of United Healthcare so that I can determine whether, even if United Healthcare is realigned, diversity jurisdiction exists.

ORDER

IT IS ORDERED that plaintiffs may have until October 26, 2007, in which to supply the court and defendants with information pertaining to the citizenship of the plaintiffs, the principal place of business of the Marshfield Clinic, and the citizenship of United Healthcare Insurance Company. If the citizenship of United Healthcare Insurance Company would destroy diversity jurisdiction if this party is aligned with the plaintiffs, plaintiffs may have until October 26, 2007, in which to argue its position that United Healthcare Insurance Company is properly named as a nominal defendant.

Entered this 12th day of October, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge